IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ORVID POWELL, II,
    Plaintiff,

-vs-

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA d/b/a
ASSURANT SOLUTIONS,
    Defendant.

CAUSE NO.:
AU-16-CA-00941-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically, Defendant American Bankers Insurance Company of Florida (ABIC)'s Motion for Summary Judgment [#44], Plaintiff Orvid Powell's Response [#49] in opposition, and ABIC's Reply [#55] in support, as well as Powell's Motion for Extension of Time to Complete Discovery [#48] and ABIC's Response [#53] in opposition.[1] Having reviewed the documents, the relevant law, and the case file as a whole, the Court now enters the following opinion and orders.

### Background

This is an employment discrimination case. ABIC hired Powell as a human resources associate in May 2009. Mot. Summ. J. [#44-3] Ex. C (Stingone Decl.) at 3. ABIC's human resources team—consisting of Powell and five other associates—was responsible for data entry

---

[1] Powell requests for an extension of time to complete discovery is based solely on his ignorance of his ability to request discovery documents and his misunderstanding of the discovery deadline. Mot. Ext. Time [#48] at 1. Though the Court is sympathetic to Powell's difficulties in prosecuting this case pro se, his ignorance of the rules does not constitute good cause under Rule 16. *See* FED. R. CIV. P. 16(b)(4). Moreover, ABIC represents it has already responded to Powell's belated discovery request and provided its document production to Powell. For these reasons, the Court DENIES Powell's motion for an extension of time to complete discovery.

1

related to ABIC's employee-management systems. *Id.* Since 2007, the human resources team has been supervised and managed by Lisa Stingone. *Id.* at 2.

In December 2013, Powell asked for a received permission to work from Austin, Texas on a temporary basis. *Id.* at 4. Subsequently, Powell's job performance in 2014 and 2015 lagged behind that of his coworkers. *Id.* at 4–5. Powell received the lowest performance evaluation scores of any member of the HREA team in both 2014 and 2015. *Id.* Powell also passed audits of his work at a lower rate than his coworkers. *Id.*

ABIC contends that sometime in the spring of 2015 it began to automate certain data entry functions performed by the human resources team. *Id.* at 5. ABIC further contends that as a result of this ongoing automation, it no longer needed to employ six human resources associates. *Id.* at 5–6. Stingone, the manager of the human resources team, determined Powell should be let go because he qualified as the lowest performing member of the human resources team. *Id.*

In October 2015, Powell was informed he was being laid off. *Id.* at 6. Subsequently, on October 25, 2015, Powell filed a charge with the EEOC alleging ABIC discriminated against him on the basis of race, sex, and disability. Compl. [#1-1] Ex. 1 at 2–12. After the EEOC dismissed Powell's case, he filed this lawsuit in federal court on September 30, 2016 alleging violations of Title VII and the ADA. Compl. [#1]. ABIC now files the pending motion for summary judgment which is ripe for review.

## Analysis

### I. Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

3

Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

Powell claims ABIC discriminated against him on the basis of race, sex, age, and disability in violation of Title VII and the ADA. He also claims ABIC illegally retaliated against him in violation of Title VII. The Court first addresses Powell's Title VII discrimination and retaliation claims. It then turns to Powell's ADA discrimination claim.

### A. Statute of Limitations

As a preliminary matter, the Court addresses whether some of Powell's claims might be time barred. Before an individual may pursue a Title VII or ADA claim in court, he must first exhaust administrative remedies by timely filing a charge with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *EEOC v. Res. for Human Dev.*, 827 F. Supp. 2d 688, 697 (E.D. La. 2011). Here, a charge filed with the EEOC is timely if filed within 300 days of the discrete discriminatory act alleged in the complaint. Discrete acts occurring outside the 300-day window prior to filing of the EEOC charge are not actionable. *Nat'l R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002) (explaining discrete acts of discrimination which are not actionable may still be used as background evidence in support of a timely claim based on subsequent, related acts of discrimination).

Powell filed his charge with the EEOC on October 26, 2015. Compl. [#1-1] Ex. 1 at 2–12. Therefore, only alleged acts of discrimination occurring on or after December 30, 2014 may serve as an actionable basis for Powell's claims under Title VII.

4

## B. Title VII

Powell brings discrimination claims under 42 U.S.C. § 2000e–2(a) and a retaliation claim under § 2000e–3(a). Discrimination and retaliation claims based on circumstantial evidence are reviewed under the *McDonnell Douglas* burden-shifting framework. *See Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (outlining element of prima facie case of discrimination); *see also Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (outlining elements of prima facie case of retaliation). Under *McDonnell Douglas*, the plaintiff must first establish a prima facie case by producing evidence in support of each element of the claim. *McKinsey*, 375 F.3d at 360 (noting burden is one of production, not persuasion). If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate reason for the employer's action. *Id.* Once the employer articulates a legitimate reason for the action, the burden then shifts back to the plaintiff to "demonstrate the employer's proffered explanation is unworthy of credence." *Id.* The plaintiff can meet this burden by either providing evidence of intentional discrimination or retaliation or by providing evidence establishing the falsity of the employer's explanation. *Id.*

### 1. Discrimination

In order to state a prima facie case of employment discrimination under § 2000e–2(a), the plaintiff must establish he (1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside the protected class or that other similarly situated employees were treated more favorably. *McKinsey*, 375 F.3d at 360. Powell alleges ABIC discriminated against him on the basis of both race and sex.

Powell alleges ABIC discriminated against him because he is a male and African American.[2] Am. Compl. [#7] at 2. There is no dispute Powell is a member of a protected class qualified for his position and subject to an adverse employment action. However, ABIC argues Powell cannot show he was replaced by someone outside the protected class or that other similarly situated employees were treated more favorably. Mot. Summ. J. [#44] at 14.

The Court agrees Powell cannot show he was replaced by someone outside the protected class because ABIC did not hire anyone to replace Powell. *See id.* at 6 (arguing Powell was let go as part of a planned workforce reduction related to automation of data entry tasks); Stingone Decl. at 2–5. The Court also agrees Powell has failed to create a genuine issue of material fact as to whether he was treated less favorably than other similarly situated employees. Even if Powell had managed to make out a prima facie case under *McDonnell Douglas*, his claim would still fail because ABIC has proffered a legitimate, nondiscriminatory reason for Powell's firing which Powell has not rebutted.

ABIC has explained Powell was let go as part of a planned workforce reduction stemming from the company's automation of data entry tasks. Powell, although not necessarily a poor employee, was chosen to be let go because he was the lowest performing employee on his HREA team. Lisa Stingone, the overseer of the HREA team, states Powell received the lowest performance evaluation scores of any member of the HREA team in both 2014 and 2015. Powell also passed audits of his work at a lower rate than his coworkers.

Powell's relatively poor job performance qualifies as a legitimate, nondiscriminatory reason for ABIC's termination of Powell. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 345

---

[2] Because Powell's complaint conflates his claims of discrimination on the basis of race and color, the Court's analysis of Powell's racial discrimination claim also applies to Powell's claim of discrimination on the basis of color. *See* Am. Compl. [#7] at 2 (alleging discrimination on the basis of race ("black or African American") and color ("black")).

6

(5th Cir. 2005). Powell has not put forward evidence showing ABIC's explanation is unworthy of credence.[3] *See* Resp. Summ. J. [#49] at 17–18. Therefore, Powell's claims must fail because Powell has not carried his burden of putting forth evidence calling ABIC's proffered explanation into question.

### 2. Retaliation

To establish a prima facie case for retaliation under § 2000e–3(a), the plaintiff must show (1) he engaged in a protected activity; (2) the employer took a materially adverse action against her; and (3) a causal link exists between the protected activity and the adverse action. *Wheat*, 811 F.3d at 705.

Powell has failed to establish a prima facie case for retaliation under § 2000e–3(a) because he has not pointed to evidence suggesting he engaged in a protected activity.[4] Resp. Mot. Summ. J. [#49]. Moreover, as already explained above, Powell has not put forward competent summary judgment evidence creating a genuine issue of material fact as to whether ABIC's nondiscriminatory reason for firing Powell was pretextual. *Id.* For these reasons, the Court finds Powell's claims for retaliation must fail.

### C. ADA

The ADA prohibits an employer from discriminating against a qualified individual with a disability on the basis of that disability. 42 U.S.C. § 12112(a). Like the Title VII discrimination

---

[3] Powell's evidence in support of his claims consists largely of his own testimony. *See* Resp. Mot. Summ. J. [#49] at 14 (pointing to Powell's own testimony as admissible evidence creating a genuine issue of material fact); *id.* at 15, 18 (asserting Powell was subject to unfair treatment). However, though Powell is correct his testimony can serve as competent summary judgment evidence, his subjective belief he was terminated on the basis of his race and sex is insufficient to create a genuine issue of material fact as to whether ABIC's proffered explanation for Powell's termination is pretextual. *See Williams v. City of Austin*, 170 F. Supp.3d 939, 954 (W.D. Tex. 2016) (citing *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 246 (5th Cir. 1985).

[4] In fact, even when construed liberally in light of Powell's pro se status, it appears his complaint failed to state a claim for retaliation under § 2000e–3(a). *See* Am. Compl. [#7] at 3 (arguing Powell was retaliated against but failing to identify a" [p]rior complaint of discrimination" or any prior "opposition to acts of discrimination").

claims examined above, discriminatory-termination actions under the ADA based on circumstantial evidence are evaluated under the *McDonnell Douglas* burden shifting framework. *See EEOC v. LHC Grp.*, 773 F.3d 688, 694 (5th Cir. 2014). The first step under the *McDonnell Douglas* framework requires assessing whether the plaintiff has established a prima facie case of discrimination by showing (1) he has a disability; (2) he was qualified for the job; and (3) he was subject to an adverse employment decision on account of his disability. *Id.* at 697.

Powell has failed to establish a prima facie case of discrimination because he has not shown he was subject to an adverse employment decision on account of his diabetes. ABIC has submitted summary judgment evidence indicating the decision to fire Powell was in April 2015, significantly prior to the instances of alleged discrimination complained of by Powell. Stingone Decl. at 7–8. Although Powell argues he experienced complications from diabetes "well before" April 2015, he has not pointed to any evidence suggesting he was terminated on the basis of his disability nor has he pointed to any evidence suggesting ABIC's proffered explanation for terminating Powell is unworthy of credence. *See* Resp. Summ. J. [#49]. Powell has therefore failed to carry his burden under *McDonnell Douglas*.

In sum, the Court finds Powell has not pointed to evidence creating a genuine issue of material fact as to his claims under the ADA.

## Conclusion

Powell has failed to carry his burden of demonstrating a genuine issue of material fact exists with respect to either his Title VII or his ADA claims.

Accordingly,

    IT IS ORDERED that ABIC's Motion for Summary Judgment [#44] is GRANTED; and

IT IS FURTHER ORDERED that Powell's Motion for Extension of Time to Complete Discovery [#48] is DENIED.

SIGNED this the 1st day of March 2018.

　　　　　　　　　　　　　　　　　　/s/ Sam Sparks
　　　　　　　　　　　　　　　　　　SAM SPARKS
　　　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE